...

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERRY A. BURLISON,**

      Petitioner,

-vs-                                                Case No. 6:11-cv-191-Orl-19GJK

**ERIC HOLDER, UNITED STATES**
**ATTORNEY GENERAL**

      **Respondent.**

_____

## ORDER

This case comes before the Court on the Amended Petition for Writ of Mandamus by Petitioner Terry A. Burlison. (Doc. No. 9, filed Mar. 14, 2011.)

### Background

On February 7, 2011, Petitioner Terry A. Burlison filed a Petition for Writ of Mandamus directing the United States Attorney General to pay a final judgment in the amount of $350,000,170.50 allegedly awarded by a Florida state court in favor of Petitioner and against Alan Kay, individually and in his capacity as a United States Magistrate Judge. (Doc. No. 1 at 2.) On March 1, 2011, the Court entered an Order dismissing the Petition for lack of subject matter jurisdiction and permitting Petitioner to file an Amended Petition. (Doc. No. 6.)

Petitioner now files an Amended Petition for Writ of Mandamus which "realleges all statements in the original [P]etition" and raises several arguments in support of jurisdiction under 28 U.S.C. § 1361. (Doc. No. 9 at 2-3.)

**Standard of Review**

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999) (noting that once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue). Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The test for jurisdiction [under this statute] is whether mandamus would be an appropriate means of relief." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" *Id.* (quoting *Jones*, 609 F.2d at 781). "Put another way, a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "In resolving whether section 1361 jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true . . . ." *Id.* (quoting *Jones*, 609 F.2d at 781).

**Analysis**

The Amended Petition fails to state a claim arising under the mandamus jurisdiction of this Court. As grounds for dismissing the initial Petition for lack of subject-matter jurisdiction, the Court noted that there are no court records of Petitioner's alleged $350 million judgment and that even if it the judgment actually existed, Petitioner did not allege facts reasonably suggesting that he

could not enforce the judgment absent a writ of mandamus to the Attorney General. (Doc. No. 6 at 2-3.) As discussed below, Petitioner raises no new allegations in the Amended Petition establishing subject-matter jurisdiction.[1]

In the Amended Petition, Petitioner contends that he presented a "claim for payment" on the judgment to the United States Attorney General under 28 U.S.C. § 2414 on March 22, 2004, and that he has no alternative procedure to collect the alleged judgment against the United States. (Doc. No. 9 at 3.)

> The applicable provisions of 28 U.S.C. § 2414 state as follows:
>
> Payment of final judgments rendered by a State or foreign court or tribunal against the United States, or against its agencies or officials upon obligations or liabilities of the United States, shall be made on settlements by the Secretary of the Treasury after certification by the Attorney General that it is in the interest of the United States to pay the same.
> Whenever the Attorney General determines that no appeal shall be taken from a judgment or that no further review will be sought from a decision affirming the same, he shall so certify and the judgment shall be deemed final.
>
> The rationale and application of Section 2414 have been explained as follows:
>
> Finality under 28 U.S.C. § 2414 protects the Government from prematurely paying a claim that might later be reversed on appeal. Thus, under 28 U.S.C. § 2414, an action is not final until exhaustion of all appeal opportunities. Congress entrusts the determination of finality solely to the Attorney General. Title 28 of U.S.C. § 2414 grants this court no authority to perform a function committed by law to (and exclusively to) the Attorney General.

*Cedar Chem. Corp. v. United States*, 18 Ct. Cl. 25, 31-32 (Cl. Ct. 1989).

---

[1] Petitioner incorporates by reference all of the allegations of his Initial Petition into the Amended Petition. (Doc. No. 9 at 2.) That practice is prohibited by Local Rule 4.01, which requires a party to file an amended pleading in its entirety with the amendments incorporated therein. However, for purposes of this Order, the Court incorporates the allegations of the initial Petition into the Amended Petition. Petitioner shall comply with Local Rule 4.01 and all other Local Rules of this Court in all subsequent filings.

The Court finds no authority discussing whether the Attorney General's duty of certifying judgments for payment under Section 2414 may be compelled by writ of mandamus. *See Cash*, 327 F.3d at 1258 ("[A] writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" (quoting *Heckler*, 466 U.S. at 616)). Even if the Attorney General could be compelled by writ of mandamus to certify a judgment under section 2414, an issue that the Court does not address at this time, the allegations of the Amended Petition do not present a claim within the Court's mandamus jurisdiction.

Petitioner fails to allege facts from which it may be reasonably concluded that the Attorney General improperly failed to certify Petitioner's alleged judgment in response to his "claim for payment" dated March 22, 2004. (Doc. No. 9 at 3.) In addition, Petitioner has not addressed the Court's primary basis for dismissal in its Order of March 1, 2010, that Petitioner's alleged $350 million state court judgment was never issued. (Doc. No. 6 at 2.) Absent factual allegations plausibly suggesting that Petitioner cannot collect a valid state court judgment absent a writ of mandamus to the United States Attorney General, the Court lacks subject matter jurisdiction over the Amended Petition. *See Cash*, 327 F.3d at 1258 ("Mandamus relief is only appropriate when . . . no other adequate remedy is available." (internal quotation omitted)).

Petitioner further alleges in the Amended Petition that the order of dismissal in Case No. 5:03-cv-306-WTH is void because that case was not timely removed under 28 U.S.C. § 1446(b). (Doc. No. 9 at 2.) Petitioner does not cite, and the Court does not find, any authority permitting it to void an order in Case No. 5:03-cv-306-WTH. Moreover, Petitioner filed a motion to remand for untimely removal under Section 1446(b) in Case No. 5:03-cv-306-WTH, and that motion was

denied. (Case No. 5:03-cv-306-WTH, Doc. Nos. 10, 14, 18.) Accordingly, Petitioner's present reliance on the untimeliness of removal in Case No. 5:03-cv-306-WTH is without merit.

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that the Amended Petition for Writ of Mandamus (Doc. No. 9) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has leave to file a second amended petition which comports with the provisions of this Order within fourteen (14) days from the date this Order is filed. Failure to file a second amended petition within the time allowed in this Order will result in this case being dismissed without further notice, and if the second amended petition fails to state a claim within this Court's jurisdiction, such dismissal may be with prejudice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 17, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party